**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Lynn Kincer,  )<br>       Petitioner,  )<br>  )<br>vs.  )<br>  )<br>Louis Winn,  )<br>       Respondent.  )<br>  ) | No. CV-13-506-TUC-LAB<br><br>**ORDER** |

On June 19, 2013, Kelly Lynn Kincer, an inmate confined (at that time) in the United States Penitentiary in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) Kincer claims the Bureau of Prisons (BOP) wrongfully deprived him of 27 days of Good Conduct Time resulting from his misuse of the TRULINCS email system.

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 12) The petition will be denied on the merits.

Summary of the Case

Kincer is currently serving a 115-month term of imprisonment for receipt of child pornography. (Doc. 13-1, p. 3) At the time the petition was filed, Kincer was incarcerated in the United States Penitentiary in Tucson, Arizona. *Id.* Previously, he was confined at the Federal Correctional Institution in Petersburg, Virginia. (Doc. 13-1, pp. 3-5)

1    At 8:30 A.M. on November 15, 2010, staff at the Federal Correctional Institution in
2 Petersburg, Virginia discovered that Kincer had used another inmate's TRULINCS account to
3 send an email to a third person. (Doc. 13-4, p. 2)  Furthermore, Kincer had called the third
4 person to inform her that the email was actually from him. *Id.* At 7:25 P.M. the next day,
5 roughly 35 hours after discovering the incident, staff delivered the incident report to Kincer. *Id.*
6 The original incident report charged Kincer of a code 297 violation: use of a telephone to
7 circumvent staff's ability to monitor telephone use. *Id.*; 28 C.F.R. 541.3. The incident report,
8 however, described the charge as "[u]sing TRULINCS in violation of the policy on TRULINCS
9 regulations and which circumvents TRULINCS monitoring procedures." (Doc. 14-3, p. 2)

10   On December 28, 2010, a Disciplinary Hearing Officer (DHO) conducted a hearing and
11 sanctioned Kincer with the loss of 27 days of Good Conduct Time, 15 days of disciplinary
12 segregation, and the loss of telephone privileges for a year. (Doc. 13, p. 5)  In February, Kincer
13 appealed to the Mid-Atlantic Regional Office. *Id.* The Regional Director remanded the case,
14 ordering the incident report to be rewritten in a way that more adequately provided notice to
15 Kincer. *Id.* Following that order, prison staff rewrote the incident report to charge him with a
16 Code 299 violation for conduct "most like another High severity prohibited act," namely, Code
17 297 – phone abuse. *Id.*; 28 C.F.R. 541.3.

18   On June 3, 2011, the DHO reheard the matter and again issued sanctions including the
19 loss of 27 days of Good Conduct Time, 15 days of disciplinary segregation, and the loss of
20 telephone privileges for six months. (Doc. 13, p. 5-6)  Kincer again appealed to a Regional
21 Office, which upheld the substantive findings of the DHO. (Doc. 13, p. 6) Kincer's two
22 subsequent appeals to the General Counsel were rejected as improperly submitted. *Id.*

23   Kincer now appeals to this court. He makes four claims: (1) that the proceedings were
24 untimely, (2) that the BOP should not have been permitted to rewrite its report, (3) that he was
25 improperly charged with a "High" severity act rather than a "Moderate" severity act, and (4)
26 that his sanction was disproportionate to the sanction his co-conspirator received. (Doc. 1, pp.
27 4-7)
28

Respondent argues that Kincer failed to exhaust his administrative appeals, and that this petition must be dismissed as a result. Assuming Kincer adequately exhausted his remedies, this court finds his petition should be denied on the merits.

Discussion

Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624. Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987), *cert. denied*, 487 U.S. 1207 (1988). "The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.*

The final decision to revoke good time credits must be based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. If so, then due process is satisfied. *Id.* The court need not examine the entire record, independently assess the credibility of the witnesses, or weigh the evidence. *Id.* at 455.

Here, Kincer used the prison's phone and TRULINCS email system to send a message to a third party in a way that avoided the prison monitoring system. He challenges the sanctions imposed upon him for that violation on four grounds.

First, Kincer argues the violation should be expunged because prison staff failed to notify him within 24 hours of discovering the incident. (Doc. 1, p. 4) Due process, however, does not require that a prisoner receive notice of the charges against him within 24 hours of the discovery of his offense. There is a relevant regulation, 28 C.F.R. 541.5(a), but the violation of a regulation does not translate into a violation of due process. *See Armstrong v. Warden of USP Atwater*, 2011 WL 2553266, 8 (E.D.Cal. 2011) ("[A] violation of a BOP regulation, without more, does not rise to the level of a due process violation."). And here, the regulation was not

even violated. That regulation, 28 C.F.R. 541.5(a), states only that a prisoner will "*ordinarily* receive the incident report within 24 hours of staff becoming aware of . . . the incident." (emphasis added) There is no requirement that staff must provide notice within 24 hours in all cases. *Hughes v. Quintana*, 2013 WL 5350668, 2 (C.D.Cal. 2013) ("There is no U.S. Supreme Court or Ninth Circuit decision holding that the word "ordinarily" in a statute or regulation can ever be read as establishing a mandatory requirement.").

Second, Kincer argues that prison staff should not have been able to rewrite the incident report to change the Code violation. Kincer complained that he was charged with misuse of the TRULINCS system and that misuse of the TRULINCS system was not specifically forbidden under the program statement then in effect. Only misuse of the mail and telephone were explicitly mentioned. The Regional Director agreed with Kincer and remanded the action for the DHO to charge him correctly. Following the remand, prison staff rewrote the incident report to charge Kincer with a Code 299 violation for conduct "most like another High severity prohibited act," namely, Code 297 – phone abuse. *Id.*; 28 C.F.R. 541.3.

The DHO's revised charge was proper under the regulation. Kincer does not dispute that. Instead, he seems to argue the DHO should not have been allowed to recharge him. The court sees no due process violation in revising the charge to accurately comply with the regulation. *See also Sejour v. Sanders*, 2012 WL 1247185, 8 (C.D.Cal. 2012) (The double jeopardy clause does not apply to prison disciplinary actions.).

Third, Kincer argues that he was incorrectly charged with a "High" offense rather than a "Moderate" one. This claim is a bit difficult to understand. When Kincer committed his offense, program statement PS 5207.08 was in effect. *See Sejour v. Sanders*, 2012 WL 1247185, n. 4 (C.D.Cal. 2012). The BOP has since issued a new program statement, PS 5207.09. In that new program statement, Kincer argues, his offense is now considered a "Moderate" offense rather than a "High" offense. Apparently, Kincer believes the BOP should have charged his offense as a moderate offense because it would do so if he committed it now.

Kincer does not dispute, however, that substantial evidence supports the charge that actually was brought against him. Accordingly, due process was not violated.

1  Kincer argues the BOP should have charged his offense in a more lenient way. The
2 failure of the BOP to anticipate future changes in the program statement, however, could not
3 possibly be a due process violation.

4  Finally, Kincer complains the sanction he received was more severe than the one given
5 to the inmate whose email account he improperly used.  It appears, however, that Kincer's
6 actions were more egregious, and therefore his harsher punishment, assuming he received one,
7 was understandable.  Kincer used another's email account to avoid prison oversight, sent a
8 message, and made a telephone call to ensure the message would be received by the intended
9 recipient.  His co-conspirator simply gave Kincer an opportunity to commit these violations.
10 Kincer and his co-conspirator were not similarly situated.  Accordingly, due process was not
11 violated if Kincer received a harsher punishment.  Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241, filed on June 19, 2013 by Kelly Lynn Kincer is DENIED. (Doc. 1)

The Clerk is directed to prepare a judgment and close this case.

DATED this 27th day of August, 2014.



Leslie A. Bowman
United States Magistrate Judge